TIBBETTS ET AL. V. MORRIS.

1. **Statute of Limitations**: USE AND OCCUPATION. An action to recover for the use and occupation of real estate must be brought within five years from the time when the cause of action accrued. It is not of the class of actions contemplated in Sec. 3261 of the Code, which may be instituted within six years.

2. ————: LANDLORD AND TENANT. A tenancy will not be presumed, for the purpose of preventing the operation of the statute of limitations, to continue after the landlord has been adjudged not to be the owner of the leased property, notwithstanding the lease may not have expired.

*Appeal from Keokuk District Court.*

TUESDAY, DECEMBER 14.

ON the 6th day of October, 1873, the plaintiffs commenced their action, claiming of defendant the sum of two hundred dollars, and alleging as cause of said claim that, during the year 1868, the plaintiffs were the owners of certain lands in the petition described; that the defendant was in possession of, and used and occupied said land, and received all the benefits of the same, during the year 1868, and has failed to account to plaintiffs therefor, and that the rents and profits of said land during said time were worth the sum of $150. The defendant answers, denying all the allegations of the petition, and pleading that the cause of action is barred by the statute of limitations. Afterward the plaintiffs filed an amended petition, stating that previous to the year 1868 there was a petition filed in the District Court of Keokuk county, by one Alexander, against these plaintiffs and others, to try the title to the lands described in plaintiffs' petition, and that such proceedings were had that, at the May term, 1868, a decree was entered quieting in these plaintiffs and others the title to said lands, and a judgment was rendered for the amount of the rents and profits for the years 1861, 1862, 1863, 1864, 1865 and 1867; that the defendant herein was tenant to said Alexander of said land, and held over said tenancy after the rendition of said decree.

The defendant answered the amended petition, denying its allegations, and alleging that the cause of action sued on did not accrue within five years next before the commencement of the suit. The cause was tried by the court.

The plaintiffs called and had sworn one William A. Tibbetts, who testified that defendant has continually resided in Iowa since 1867. He was asked to state if the defendant, during the year 1868, used and occupied the farm referred to in the pleadings, and farmed the same prior and up to the 6th day of October, 1868; and also what the use and occupation of said premises were worth during that portion of the year 1868, prior to October 6th. The plaintiffs also called one David Voltner, and asked him the same questions.

To these questions the defendant objected for the reason that the action for the use and occupation of said premises to within five years of the commencement of the action, was barred by the statute of limitations.

The court sustained the objection, and, the plaintiffs offering no further testimony except that of their chain of title, rendered judgment in favor of defendant for costs. Plaintiffs appeal.

*Johnson & Brown* and *Stiles & Burton*, for appellants.

*Woodin & McJunkin*, for appellee.

DAY, J.—I. Appellants claim that this action does not fall under the provisions of sub-division 4, section 2529, of the Code of 1873, but that it is especially provided for in section 3261, and that the period of limitation is six years. This position, we think, is not tenable. This is not an action for the recovery of real property, but to recover for the use and occupation of real estate. Where an action is brought for the recovery of real property, and for the rents and profits, the plaintiff may, under section 3261, recover for the use and occupation for the six years prior to the commencement of the action. This section applies only to an action instituted

1. STATUTE of limitations: use and occupation.

Tibbetts v. Morris.

under the chapter in which it is contained. Where an independent action is instituted, simply for the purpose of recovering for the use and occupation, the action falls under the general statute of limitations, which, it is not denied, is five years.

II. Plaintiffs claim, however, that the action of Alexander against these plaintiffs was determined in May, 1868, in which 2. ——: land-lord and ten-ant.  plaintiffs were found to be the owners of the property in question; that defendant was then the tenant of Alexander; that this tenancy could not be terminated before the first day of March, 1869, and that the action was brought within five years from that time. The obvious answer to this is, that the landlord of defendant having been determined not to be the owner of the premises, his tenant was liable to eviction by the real owner at any time.

III. It is claimed the court erred in dismissing plaintiffs' action, and in rendering judgment against them for costs. It is urged that plaintiffs were entitled to a trial, and to have their right to recover passed upon by the court. The court did not dismiss plaintiffs' action. The record shows the cause was disposed of upon the merits. The plaintiffs having failed to produce any proof of the occupation of their premises, except for the period barred by the statute of limitations, the court found there was no proof upon which plaintiffs could recover, and hence he rendered judgment for defendant. The court could not have done otherwise, or rendered any different judgment.

AFFIRMED.